## W. A. HAIR v. McCONNELL & BROOKS.

(Filed 31 October, 1923.)

**Appeal and Error—Instructions—New Trials.**

Where bales of cotton are sold under contract allowing the seller to draw on the purchaser in a proportionate part of its market value, and to fix the price within a certain period of time at which the cotton was to be sold, and upon the trial a letter from the purchaser is introduced offering to vary the original contract, if accepted at once, the receipt of the letter and its contents being admitted, but the seller denying his acceptance, an instruction that is materially confusing as to the admission of the receipt of the letter containing the offer and its contents, and that of its acceptance, is prejudicial to the seller, and is reversible error.

APPEAL by defendants from *Devin, J.,* at January Term, 1923, of BLADEN.

Civil action to recover damages for alleged breach of contract in connection with the sale and purchase of a quantity of cotton.

From a verdict and judgment in favor of plaintiff, the defendants appealed, assigning errors.

*E. F. McCulloch and McLean, Varser, McLean & Stacy for plaintiff.*
*Oates & Herring, Robert H. Dye, and Lyon & Johnson for defendants.*

STACY, J. On 2 October, 1920, plaintiff and the defendants entered into a contract, whereby plaintiff was to deliver a certain number of

bales of cotton to the defendants and receive 80 per cent of the market price on delivery, with the option and right to fix the price for final settlement of said cotton at any time prior to 1 March, 1921, on the basis of 30 points over the New York market on the day of call.

Pursuant to this agreement, plaintiff delivered to the defendants at Fayetteville, N. C., 100 bales of cotton and received 80 per cent of the then market price. Plaintiff later delivered five additional bales, making 105 bales in all.

It is agreed that on 3 February, 1921, the parties entered into a supplemental contract in regard to the cotton in question, but the exact terms of this supplemental agreement are in dispute. Defendants contend that their letter of said date, addressed to the plaintiff, contains a statement of the understanding between them. This letter is as follows:

"In order to get your call cotton fixed, we will, as a personal favor, turn over receipts for 54 bales on payment of $2,950 instead of $3,195.97, as agreed by your brother. And further agree to carry your other 55 bales for you to 9 cents.

"This is an effort to get the matter fixed this afternoon, and we will not hold it open unless it is agreed to this afternoon and the $2,950 paid not later than tomorrow."

Plaintiff admits receiving this letter, and has no objection to its contents, but he says that the whole agreement is not incorporated therein. *Terry v. R. R.,* 91 N. C., 236. It was further understood, according to plaintiff's contention, that he was to have until 1 October, 1921, within which to call for a final settlement at 30 points over the New York market. The question of extending this time from 1 March to 1 October is the point of difference between the parties.

As bearing upon this phase of the case, his Honor instructed the jury as follows:

"It appears that thereafter a supplemental or amended contract was entered into, as shown by the letter of 3 February, and admitted by both parties, whereby defendants agreed upon plaintiff's taking up half the cotton, or having his brother to do so, for the sum of $2,950, defendants would carry the contract on, and extend plaintiff's right to call for same or similar cotton, or order it sold on any date at New York market plus 30 points, up to 1 October, 1921, provided the price of the cotton did not decline to or below 9 cents per pound."

Defendants assign this instruction as error, because they say it conveyed to the jury the impression that the plaintiff's contention in regard to the supplemental contract was not denied; whereas, as a matter of fact, the vital question of time extension was in dispute. Plaintiff replies to this by saying that the expression, "and admitted by both par-

ties," employed by his Honor in the above charge, has reference only to the letter of 3 February being admitted by both parties, and not to the contract.

Upon the record as presented, we think the instruction was prejudicial to the defendants' cause, and that a new trial must be awarded.

New trial.